Filed 7/31/24  P. v. Thompson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>MICHAEL THOMPSON,<br><br>  Defendant and Appellant. | G062832<br><br>(Super. Ct. No. C-33433)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Lance P. Jensen, Judge. Affirmed.

James M. Kehoe, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Michael Thompson appeals the denial of his petition for resentencing following an evidentiary hearing pursuant to Penal Code section 1172.6. However, his appointed attorney filed a brief under the procedures described in *People v. Delgadillo* (2022) 14 Cal.5th 216, declaring he was unable to find any issues to raise on Thompson's behalf. And having independently reviewed the record, we have not detected any arguable issues either. We therefore affirm the trial court's denial order.

FACTUAL AND PROCEDURAL BACKGROUND

In December 1973, Thompson and codefendant Robert Sesma were involved with a drug dealing outfit run by codefendant John Solis. Vaudra Nunley was also part of the enterprise, but Solis suspected he intended to kidnap his children. So, he made a deal with Thompson and Sesma to kill Nunley for $5,000.

As part of their murder plan, defendants lured Nunley to Solis' house late one evening. Nunley arrived at the house with a man named Rue Steele. When they entered Solis' home, Sesma beat Steele to death, and Thompson severely beat Nunley. Defendants then loaded the victims into the trunk of a car and took them to Thompson's house for burial. However, upon arrival, they discovered Nunley was not dead, so Sesma finished him off with a gunshot to the head. After that, Sesma buried the victims in Thompson's backyard, and they collected their bounty.

Following a joint jury trial, Thompson was convicted of two counts of first degree murder, conspiracy to commit first degree murder, kidnapping and aggravated assault. Sesma was convicted of first and second degree murder, conspiracy to commit second degree murder and kidnapping. And Solis was convicted of two counts of second degree murder and kidnapping. Their convictions were affirmed on appeal in *People v. Solis et al.*

2

(Sept. 29, 1977, 4 Crim. 7689) [nonpub. opn.], as was Thompson's sentence of life in prison with the possibility of parole.

In 2019, Thompson was released from prison on parole. He also petitioned to vacate his murder convictions and to be resentenced pursuant to Penal Code section 1172.6. The trial court denied his petition for failure to make a prima facie case, and on appeal we affirmed the order as to Nunley's murder. (*People v. Thompson* (July 26, 2022, G060421) [nonpub. opn.].) However, we reversed the order with respect to Steele's murder and ordered the trial court to conduct an evidentiary hearing to determine whether Thompson was entitled to relief for that offense. (*Ibid.*)

The evidentiary hearing was held in 2023. By that time, the transcript of Thompson's trial was no longer available, so the trial court relied on the preliminary hearing transcript to assess Thompson's eligibility for resentencing. The evidence at that hearing revealed Thompson and Sesma were both armed when they went to Solis' house to murder Nunley. When Nunley and Steele arrived at the house, Thompson and Sesma were able to overcome them by employing a divide-and-conquer strategy. While Sesma was beating Steele in the living room, Thompson took Nunley into the den and started choking him with a wire and hitting him with a handgun. Unlike Steele, Nunley managed to survive his beating, but not for long. Thompson and Sesma tied him up and put him in the trunk of their car with Steele. Then they drove to Thompson's house, where Sesma fatally shot Nunley in the head.

Based on this evidence, the trial court was convinced beyond a reasonable doubt that Thompson directly aided and abetted Steele's murder. In particular, the court found Thompson shared Sesma's intent to murder Steele because Steele was a potential witness and impediment to the Nunley

3

murder. And, by taking Nunley into another room and immobilizing him there, Thompson allowed Sesma to finish off Steele without any interference from Nunley. In other words, the court determined Thompson not only wanted to kill Steele, he purposely helped Sesma do so by neutralizing Nunley. Therefore, it denied his petition for resentencing.

On appeal, Thompson's appointed attorney filed a brief raising no issues but requesting that we independently review the record pursuant to *People v. Delgadillo, supra,* 14 Cal.5th 216. We informed Thompson of his right to file a supplemental brief, however he declined to do so. Exercising our discretion and in the interest of justice, we have examined the entire record for any arguable issues. (See *id.* at p. 230.) But our examination has only confirmed appointed counsel's conclusion that there are no arguable issues and that Thompson's petition was properly denied. (See *People v. Curiel* (2023) 15 Cal.5th 433, 462 [a defendant who directly aids and abets a murder is ineligible for resentencing under Penal Code section 1172.6].) Accordingly, there is no basis to disturb the trial court's ruling.

## DISPOSITION

The trial court's order denying Thompson's petition for resentencing is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


GOETHALS, J.


SANCHEZ, J.